UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:19-cr-431-CEH-AAS

PATRICE LAVETTE JACKSON
_____/

**O R D E R**

This matter comes before the Court on Defendant Patrice Lavette Jackson's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 56). In the motion, Defendant requests the remainder of her sentence be converted to home confinement due to concerns of COVID-19 in combination with her medical conditions, including HPV, sickle cell trait, and depression. The Government filed responses in opposition (Docs. 57, 60).[1] Defendant replied (Doc. 61) with an addendum (Doc. 62). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A).

**I.   BACKGROUND**

On October 23, 2019, Defendant, Patricia Lavette Jackson, pleaded guilty in open court to Count One of the Indictment charging her with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).

---

[1] The Government's latter response includes a copy of Defendant's immunization record reflecting she refused the COVID-19 vaccine. Doc. 60 at 22.

Docs. 12, 16. On August 28, 2020, the Court entered a judgment adjudicating Defendant guilty and sentencing her to a term of imprisonment of 70 months, followed by a 36-month period of supervised release and other conditions. Doc. 51. Defendant, who is currently 39 years old, is incarcerated at FPC Alderson with an expected release date of October 11, 2025. *See* Bureau of Prison ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed July 19, 2022).

### A.   Defendant's Motion

On June 11, 2021, Defendant, proceeding *pro se*, filed a motion seeking a reduction in sentence or release to home confinement due to extraordinary and compelling circumstances. Doc. 56. Specifically, Defendant argues her medical conditions, including sickle cell trait, HPV, depression, and a history of smoking since age 14, coupled with the potential risk of being infected with COVID-19, poses a higher risk to Defendant, as an African American female. *Id.* In her reply to the Government's response, Defendant additionally cites low iron, low blood count, and substance abuse as additional medical conditions supporting a finding of extraordinary and compelling reasons to warrant a reduction in her sentence. Doc. 61.

### B.   Government's response:

The Government filed a memorandum opposing Defendant's motion and argues the motion should be denied because the Court lacks authority to order home confinement, Defendant's cited medical conditions do not constitute compelling and extraordinary reasons to support compassionate release, and the § 3553(a) factors strongly weigh against a reduction in Defendant's sentence. Docs. 57, 60.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other

> person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III.   DISCUSSION

### A.   Administrative Exhaustion

Defendant argues she has satisfied administrative exhaustion. Doc. 61 at 2. She submitted a request to her warden on April 15, 2021, which was denied on May 7, 2021. Doc. 57-1. The Government does not argue to the contrary. More than 30 days have passed since the warden's denial, and thus, the Court finds Defendant has exhausted her administrative remedies.

### B.   Home Confinement

Defendant requests the Court release her to home confinement, which would permit Defendant to serve the remainder of her sentence at home. In general, once a court imposes a sentence, the Bureau of Prisons ("BOP") is solely responsible for determining an inmate's place of incarceration to serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program...[b]ut decision making

authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021) (holding that neither § 3624(c)(2) nor the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") give the judiciary any authority to grant an inmate's request for home confinement). Defendant provides no legal authority to support the Court's ability to order home confinement. Thus, this requested relief is due to be denied.

    **C.**    **Extraordinary and Compelling Reason**

Even if administrative exhaustion is satisfied, Defendant's motion fails because Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in her sentence. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1)

6

suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes her ability to care for herself within the prison environment and from which she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care); *see also United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (finding defendant failed to show his "high cholesterol, high blood pressure, and coronary artery disease" substantially diminished his ability to provide self-care as required by § 1B1.13, where his conditions were found to be "manageable in prison, despite the existence of the COVID-19 pandemic").

Defendant files four pages of medical records in support of her claimed conditions. Doc. 62 at 10–13. Review of these records reveals Defendant is not suffering from any terminal illness or serious physical or medical condition that substantially diminishes her ability to care for herself within the prison environment. To the contrary, the records reflect her conditions are relatively stable, and she is being monitored and treated for her conditions of iron deficiency and depression. Furthermore, the Government provides a copy of Defendant's immunization record,

which indicates that Defendant refused administration of the COVID-19 vaccine on April 13, 2021. Doc. 60 at 22. Defendant's voluntary refusal of the COVID-19 vaccine undermines the premise of her motion. *See United States v. Kurbatov*, No. 18-CR-20172, 2021 WL 1923289, at *3 (S.D. Fla. May 13, 2021) ("Courts across the country are consistently holding that an inmate's refusal to get a COVID-19 vaccination negates a claim that the inmate's risk of serious illness from COVID-19 is an extraordinary and compelling reason for early release); *United States v. Holman*, No. 3:18-cr-43-MMH-JBT, 2021 WL 1193380, at *1 (M.D. Fla. Mar. 30, 2021) (finding no compelling and extraordinary reasons warranting compassionate release where defendant was offered, but refused, the Moderna COVID-19 vaccine); *United States v. Aguilar*, No. 4:12-CR-9-MLB, 2022 WL 1125385, at *3 (N.D. Ga. Apr. 15, 2022) ("The Court seriously doubts an inmate can refuse to protect himself or herself with the vaccine and then argue he or she is at a serious risk from Covid-19."). Thus, Defendant fails to demonstrate extraordinary and compelling reasons exist to warrant a reduction in sentence.

Defendant claims the COVID-19 pandemic coupled with her medical conditions establish "other reasons" supporting release. The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As a preliminary matter, the Eleventh Circuit recently held that "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting

8

compassionate release where the prisoner's medical conditions did not meet § 1B1.13's criteria. *United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release).

In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).

In response to Defendant's argument that the BOP is not effectively managing the pandemic, the Court notes that FPC Alderson is actively vaccinating its inmates and staff and it currently has only 4 inmates and 4 staff members that are COVID-positive. *See* https://www.bop.gov/coronavirus/ (last accessed July 11, 2022).

D. **Section 3553(a) Factors**

"When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The Court finds above that no extraordinary and compelling reason exists to support a reduction in sentence, and thus, an analysis of

the § 3553(a) factors is not warranted. But, even considering the § 3553(a) factors, they do not weigh in favor of a reduction in sentence. Defendant engaged in a fraudulent prescription scheme that resulted in 54 fraudulent prescriptions; furthermore, she, herself, sold the fraudulently obtained oxycodone pills, methadone pills, hydromorphone pills, and alprazolam pills to individuals addicted to opioids. Defendant has served less than half of her sentence, and there is a need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. The Court has considered the § 3553(a) factors and determines that they do not weigh in favor of a reduction in sentence.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 56) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 19, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Patrice Lavette Jackson, *pro se*
Counsel of Record